IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANDARD CHARTERED BANK, | Civil Action No.: 18-cv-4482 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| CHRISTIAN WAIT, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Standard Chartered Bank, by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for its Complaint against Defendant Christian Wait, alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff Standard Chartered Bank ("SCB") is an indirect wholly owned subsidiary of Standard Chartered PLC, a foreign banking corporation incorporated and with its principal place of business in England, and with a duly licensed branch and United States headquarters located at 1095 Avenue of the Americas, New York, New York 10036.

2. Defendant Christian Wait ("Wait") is citizen of the United States, who was a resident of the State of New Jersey at the time when he was hired by SCB, and who currently resides in the Republic of Singapore.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

4. This Court has personal jurisdiction over Wait and venue is proper pursuant to New York's CPLR § 302(a) and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in New York, New York.

5. Furthermore, this Court has personal jurisdiction over Wait and venue is proper in this judicial district because the parties agreed in writing that "any action arising from this Release Agreement shall be subjected to the jurisdiction and venue of the federal and state courts, as applicable, in the State of New York." Annexed hereto as Exhibit A is a true and correct copy of the Mutual Separation and Release Agreement entered into between Wait and SCB.

**FACTS COMMON TO ALL COUNTS**

6. Wait was a former employee of SCB who, prior to October 2008, worked primarily out of SCB's New York branch.

7. In or about October 2008, Wait accepted SCB's offer to become a Managing Director and Head of Capital Markets and agreed to an international assignment in SCB's Singapore office.

8. By accepting this position, Wait agreed to be subject to SCB's Assignee Policy, and on or about September 30, 2008, Wait received an International Assignment Letter that confirmed that he was subject to the Assignee Policy.

9. In accordance with SCB's Assignee Policy, Wait's compensation was tax-equalized, and Wait was responsible for paying his share of applicable taxes within sixty (60) days of receiving a Tax Equalization Statement.

10. In addition, under SCB's Assignee Policy, any tax refunds or foreign tax credits that Wait received are SCB's property, and Wait was obligated to repay any such refunds to SCB.

11. On October 1, 2013, SCB terminated Wait's employment.

12. Thereafter, on November 11, 2013, Wait and SCB entered into a Mutual Separation and Release Agreement ("Separation Agreement").

13. Under the terms of the Separation Agreement and in exchange for, amongst other things, a cash separation payment and notice pay, Wait agreed to and reaffirmed his obligation and responsibility to repay taxes due and owing to SCB in accordance with the Assignee Policy.

14. Specifically, Paragraph 8 of the Separation Agreement, entitled "Tax Obligations & Services," required Wait to, amongst other things, repay SCB any monies owed consistent with SCB's Assignee Policy, including any back taxes due and any foreign tax credits received.

15. SCB paid in excess of $1,100,000.00 in taxes on Wait's behalf to the appropriate tax authorities.

16. Wait has failed and refused to repay his tax equalization obligations in violation of the Separation Agreement and SCB's Assignee Policy.

17. In addition, Wait has refused to authorize the federal taxing authorities to remit foreign tax credits to SCB as required by the Separation Agreement and SCB's Assignee Policy.

## COUNT I
### (Breach of Contract)

18. SCB repeats and realleges paragraphs 1 through 17 above as if fully set forth herein.

19. SCB and Wait entered into the Separation Agreement whereby SCB agreed to pay Wait a cash separation payment and notice pay and, in return, Wait agreed to, amongst other

things, repay SCB any monies owed consistent with SCB's Assignee Policy, including any back taxes due and any foreign tax credits received.

20. Wait materially breached the Separation Agreement by failing to repay his tax equalization obligations in accordance with the Separation Agreement and SCB's Assignee Policy.

21. As a direct and proximate result of Wait's actions and inactions, SCB has suffered, and continues to suffer, damages.

## COUNT II
### (Quantum Meruit/Unjust Enrichment)

22. SCB repeats and realleges paragraphs 1 through 21 above as if fully set forth herein.

23. To the extent that Wait disputes the Separation Agreement, SCB is entitled to recover from Wait in quantum meruit and/or unjust enrichment the reasonable value of the taxes paid by SCB on Wait's behalf, plus interest, for which Wait received a benefit to SCB's detriment.

24. Wait knowingly accepted and benefited from the taxes paid on his behalf, but has failed and refused to repay SCB the amount of the taxes, plus interest.

25. Wait has received a benefit without payment to SCB, and allowing Wait to retain the benefit of the taxes paid on his behalf would only serve to unjustly enrich Wait to the detriment of SCB.

26. As a direct and proximate result of Wait's unjust enrichment, SCB has suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE,** SCB respectfully requests that judgment be entered as follows:

(a)     As to Count I, SCB demands judgment against Wait in an amount to be proven at trial, and all other damages provided for by law, together with prejudgment interest, costs of suit, attorneys' fees and such other relief as may be deemed just and proper;

(b)     As to Count II, SCB demands judgment against Wait in an amount to be proven at trial, together with prejudgment interest, costs of suit, attorneys' fees and such other relief as may be deemed just and proper.

                 Respectfully submitted,

Dated: May 21, 2018         McELROY, DEUTSCH, MULVANEY
                   & CARPENTER, LLP


                By: *s/ Kevin B. Walker*
                  Kevin B. Walker
                  1300 Mount Kemble Avenue
                  P.O. Box 2075
                  Morristown, NJ 07962-2075
                  Tel: (973) 993-8100
                  Fax: (973) 425-0161
                  kwalker@mdmc-law.com
                  *Attorneys for Plaintiff*
                  *Standard Chartered Bank*

3590733_1